IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) | Chapter 11 |
| ) | Bankruptcy Case No. 01-11353 |
| VALLEY MEDIA, INC., ) | |
|     Debtor ) | |
| ) | |
| ) | Bankruptcy Appeal |
| COMMONWEALTH OF MASSACHUSETTS ) | Civil Action No. 05-179 |
| DEPARTMENT OF REVENUE, ) | |
|     Creditor/Appellant ) | |
| v. ) | |
| ) | |
| VALLEY MEDIA, INC. ) | |
|     Debtor/Appellee ) | |

**APPELLANT'S OPPOSITION TO
VALLEY MEDIA LIQUIDATING TRUSTEE'S
MOTION FOR LEAVE TO FILE A SUR-REPLY BRIEF
IN RESPONSE TO APPELLANT'S REPLY BRIEF**

The Commonwealth of Massachusetts Department of Revenue, the appellant in the above-captioned bankruptcy appeal (the "Commonwealth"), opposes the "Valley Media Liquidating Trustee's Motion For Leave To File A Sur-Reply Brief In Response To Appellant's Reply Brief" (the "Motion") filed by the Valley Media Liquidating Trustee ("Valley"), and respectfully requests the Court to deny the Motion.[1]

Delaware's local rule does not provide for filing surreplies: LR 7.1.3 (c) authorizes an opening and answering brief, and a reply brief. Addressing a similar rule, one court stated:

> There is no provision in the local rules of this court for the filing of surreplies; in fact, District of Kansas Rule 7.1 allows only for the filing of motions, responses, and replies. See D. Kan. Rule 7.1. Leave to file a

---

[1] This non-dispositive motion is not accompanied by the statement required by D.Del.L.R. 7.1.1, and the Court may decline to entertain it. *Tech. Planning Int'l, LLC v. Moore N. Am., Inc.*, 2003 DNH 85, 2003 U.S. Dist. LEXIS 8954 at 35 (D.N.H. 2003).

1

surreply is generally only granted in "rare circumstances" as where the movant "improperly raises new arguments in a reply."

*Pehr v. Rubbermaid, Inc.,* 87 F. Supp. 2d 1222, 1237 (D. Kan., 2000)

This Court took the same approach in *Eaton Corp. v. Rockwell International Corp.*, 2000 U.S.Dist. Lexis 21210 at 7 (D.Del. 2000), granting the defendant's motion to file surreply "in order to allow [defendant] an adequate opportunity to respond to the new allegations."[2] But Valley is not responding to any new allegations. For each of the three points it raises, "the surreply represent[s] 'merely a continuation of the same arguments [Valley] made in [its] earlier response.'" *Cobell v. Norton,* 231 F. Supp. 2d 295, 304 (D.D.C. 2002).

Agency:

The Motion and surreply wrongly suggest that the Commonwealth raised the agency argument for the first time in its reply brief. At pages 5-8 of its opening brief, the Commonwealth unambiguously laid out its argument that Valley acted as the Internet Vendors' agent to cause delivery of the product to be made to Massachusetts consumers. At pages 2 – 5 of its reply brief, the Commonwealth addressed a Massachusetts decision cited and relied on by Valley in its own opening brief,[3] and sought to show how that decision supports the Commonwealth's argument.

By no means did the Commonwealth introduce a new argument in its reply, or any new facts. The agency relationship between Valley and the Internet Vendors was fully developed in the opening brief. Valley's surreply simply attempts to buttress or reiterate its own interpretation of the sales tax statute as set forth in its opening brief.

---

[2]   Districts in which the local rule expressly authorizes a surreply appear to follow the same principle. *See, eg, Pike v. Caldera*, 188 F.R.D. 519 (D. Ind. 1999).

[3]   *Theos & Sons, Inc. v. Mack Truck Inc.*, 431 Mass. 736, 729 N.E. 2d 113 (2000)

Statutory Amendment:

The Motion and surreply wrongly suggest that the Commonwealth first mentioned the 2004 amendment to the sales tax statute in its reply brief.  At pages 16-17 of its opening brief, the Commonwealth expressly quoted the 2004 amendment to the sales tax statute in full, and argued that the amendment supports its interpretation of the statute.  At pages 6 – 9 of its reply brief, the Commonwealth again quoted the statute in full as it existed prior to and after the amendment, and sought to show why Valley's opening brief's reliance on the principle "new legislation alters existing law" was misplaced.

This is the very purpose of a reply brief  –  to reply to the arguments advanced in the other side's opening brief.  The Commonwealth did not fail to bring the 2004 amendment to the Court's attention in its own opening brief, and did not fail to acknowledge the specific language of the amendment, as the Motion incorrectly claims.  Again, Valley's surreply merely repeats the arguments of its own opening brief on this point.

Use Tax:

The Motion and surreply assert that Massachusetts customers are required to self-assess a use tax on their income tax return, citing Mass. G.L. ch. 64I § 3 and referring to a copy of the Massachusetts income tax return.   This point directly supports Valley's argument that the sales tax is unconstitutional, and should have been included in Valley's opening brief.

While Valley challenged the constitutionality of the Massachusetts sales tax statute in the bankruptcy court (*see* Valley Media's Brief for Debtor, I-R-20, pp. 16-23), the bankruptcy court expressly declined to reach the constitutional issue (*see* Bankruptcy

3

Court Memorandum Opinion, I-R-16, p. 9). Accordingly, the Commonwealth did not address this point in its opening brief. [4]

However, Valley's opening brief in this Court again asserted that the Massachusetts sales tax statute is unconstitutional.[5] Specifically, in Point III (B), Valley argued, "Here, the Massachusetts sales tax statute creates a risk of multiple taxation because there is substantial risk that both Appellee and the Massachusetts consumers will pay a tax on the same transaction. Appellees could pay a sales tax while the Massachusetts consumers could pay a use tax." (Valley Opening Brief, page 18.) That was precisely the proper time and place for Valley to include the argument and the statutory reference to Mass. G.L. ch. 64I § 3 that it now seeks to make in surreply. Valley should not be permitted to embellish its opening brief with belated additional argument that it failed to think of previously.

At pages 9 – 10 of its reply brief, the Commonwealth addressed Valley's argument that the sales tax statue is unconstitutional, and cited a United States Supreme Court decision holding that the constitutionality of state sales/use tax schemes "is settled."[6] The statement that Valley now calls "misleading" followed immediately after this citation, and referred to Valley's failure to introduce any evidence in the Bankruptcy Court relating to the imposition or collection of the use tax from Massachusetts consumers. By attempting to introduce a copy of the Massachusetts income tax return

---

[4]   At page 1 of its opening brief, in footnote 1, the Commonwealth expressly stated that it has abandoned on appeal the argument it advanced in the Bankruptcy Court, that Valley is liable for the use tax. The Commonwealth's opening brief did not otherwise refer to or discuss the effect or application of the use tax.

[5]   *See* Valley Opening Brief, Point III, pages 15 – 21.

[6]   *National Geographic Society v. California Board of Equalization*, 430 U.S. 551, 97 S.Ct. 1386, 1389, 51 L.Ed. 2d 631 (1977) (citations omitted, emphasis supplied).

4

before this Court as an exhibit to the surreply, Valley is impermissibly bypassing the evidentiary process in an effort to remedy a defect in the presentation of its argument in the bankruptcy court. This effort should be denied.

The Commonwealth also respectfully requests the Court to disregard Valley's use of the word "misleading" to describe certain statements in the Commonwealth's reply brief. "Misleading" implies that the Commonwealth intentionally sought to deceive or delude this Court. Valley offers no justification for such contumely. As demonstrated above, all of the Commonwealth's arguments were fully and fairly set forth in its opening brief, while Valley neglected to include a relevant argument in its own opening brief.

WHEREFORE, for the foregoing reasons, the Commonwealth requests that the Court enter an order denying the Valley Media Liquidating Trustee's Motion For Leave To File A Sur-Reply Brief In Response To Appellant's Reply Brief.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF REVENUE
By its counsel,
THOMAS F. REILLY, ATTY. GENERAL
KEVIN BROWN, SP. ASST. ATTY. GENERAL

/S/___Jeffrey S. Ogilvie_____     /S/    Stuart B. Drowos_____
Jeffrey S. Ogilvie (MA Bar. No. 377815)   Stuart B. Drowos (DE Bar No. 427
Massachusetts Department of Revenue       Deputy Attorney General
100 Cambridge Street, 7th Floor           Div. of Revenue, Dept. of Finance
Boston, MA 02114                          Carvel Building, 820 French Street
                                          Wilmington, DE 19801
                                           Local associated counsel

Date: August 9, 2005

## CERTIFICATE OF SERVICE

I, Jeffrey S. Ogilvie, certify that on August 8, 2005, I served the following pleadings, to wit:

APPELLANT'S OPPOSITION TO VALLEY MEDIA LIQUIDATING TRUSTEE'S MOTION FOR LEAVE TO FILE A SUR-REPLY BRIEF IN RESPONSE TO APPELLANT'S REPLY BRIEF

by mailing a copy thereof to the following parties via UPS overnight delivery postage prepaid:

Robert J. Dehney
Michael G. Busenkell
Christopher M. Winter
Morris Nichols Arsht & Tunnell
1201 North Market Street
Delaware, MA  19899-1347

Edward DeFranceschi
6 Beacon Street
Boston, MA  02108-3802

Maria D. Giannirakis
Office of the U.S. Trustee
844 King Street, Suite 2313, Lockbox 35
J.Caleb Boggs Federal Building
Wilmington, DE 19801


  _/S/ Jeffrey S. Ogilvie____
Jeffrey S. Ogilvie